## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| Miriam Fuentes, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br><br><br><br><br>-v.-<br><br>Jefferson Capital Systems, LLC,<br><br>Defendant(s). | C.A. No: 2:22-cv-612<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Miriam Fuentes (hereinafter "Plaintiff" or "Fuentes") brings this Class Action Complaint by and through her attorneys, against the Defendant Jefferson Capital Systems, LLC (hereinafter "Defendant" or " Jefferson"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of Florida, County of Lee.

8.    Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service upon its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9.    Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.    Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The Class consists of:

    a.  all individuals with addresses in the State of Florida;

    b.  to whom the Defendant Jefferson sent a collection letter attempting to collect a consumer debt;

    c.  wherein the Defendant Jefferson sets forth that it will not report the debt to any credit reporting agency;

    d.  despite the fact that the debt is still being reported;

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.    The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect debts and/or has purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692c, 1692e and/or 1692f.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class

actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a.  **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b.  **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692c, 1692e and/or 1692f.

   c.  **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d.  **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to

vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered 1-18 above with the same force and effect as if the same were set forth at length herein.

20.    Some time prior to April 2, 2022, an obligation was allegedly incurred to non-party "VERIZON WIRELESS" (hereinafter "Verizon").

21.    The Verizon obligation arose out of transactions in which money, property, insurance, or services, that are the subject of the transaction(s), were incurred primarily for personal, family, or household purposes.

22.    The alleged Verizon obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23.    Verizon is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.    Upon information and belief, Defendant Jefferson purchased the allegedly defaulted debt and is carrying out the collection of same. Therefore, Defendant Jefferson is a debt collector as defined by 15 U.S.C. § 1692a(6).

25.    Defendant Jefferson collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violations – April 2, 2022 Collection Letter*

26.    On or about April 2, 2022, Defendant Jefferson sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Jefferson. A true and correct copy of the Letter is attached hereto as Exhibit A.

27.    The Letter provides a total "Amount of the Debt" of $2,199.95.

28.    The Letter sets forth that it is "AN ATTEMPT TO COLLECT A DEBT."

29.    The Letter also states:

"The law limits how long you can be sued on a debt. Because of the age of your debt, we (Jefferson Capital Systems, LLC) cannot sue you for it and we will not report it to any credit reporting agency."

30.    The Letter is deceptive because it specifically sets forth that the debt will not be reported to any credit reporting agency, but the debt is still being reported.

31.    Moreover, the Letter indicates that the Defendant does not have the consent of the Plaintiff, and is not otherwise permitted by law, to communicate with a consumer reporting agency concerning the alleged debt.

32.    Thus, the continued reporting of the debt, despite the foregoing representations, is an unfair and unconscionable means to apply pressure/intimidation in an attempt to collect the alleged debt.

33.    Accordingly, Defendant Jefferson gives the impression that the debt is unenforceable and unreportable, but in reality, it is still attempting to collect the debt through the means of negative credit information furnishment (ultimate dissemination), deceptive correspondence and unconscionable financial pressure/intimidation.

34.    Plaintiff was confused and misled by the Letter, including why the Defendant would appear to be saying the right things, but operating behind the scenes otherwise.

35.    Defendant's Letter is false, deceptive, unfair, and/or misleading.

36.     Plaintiff was therefore unable to evaluate her options of how to handle this debt.

37.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

38.     Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

39.     Plaintiff has suffered actual damages of a decreased credit score, given that the debt should no longer be harming her credit but still is.

40.     Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendant's misrepresentations and omissions concerning the Letter.

41.     Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the Letter.

42.     Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the Letter.

43.     In reliance on the Defendant's violations, Plaintiff has expended, and continues to expend, time and money in an effort to mitigate harm in the form of the Defendant's furnishment, and credit reporting agencies' ultimate dissemination, of negative credit information to the Plaintiff's financial detriment.

44.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

45.    The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

46.    As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, defamation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation and negligent infliction of emotional distress.

47.    For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

48.    These violations by the Defendant were knowing, willful, negligent, and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid such violations.

49.    Defendant Jefferson's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

50.    Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this alleged debt.

51.     Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

52.     Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

53.     But for the Defendant's violations of the FDCPA, and the resulting confusion, Plaintiff would have chosen a different course of action in an attempt to resolve the alleged debt.

54.     As a result of the Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692c *et seq.*

55.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs 1-54 above with the same force and effect as if the same were set forth at length herein.

56.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

57.     Pursuant to 15 U.S.C. §1692c(b), "… without the prior written consent of the consumer given directly to the debt collector… a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency *if otherwise permitted*

*by law*, the creditor, the attorney of the creditor, or the attorney of the debt collector."

(emphasis added).

58.    Defendant violated said section by furnishing its credit information

concerning the alleged debt to a consumer reporting agency(ies), ultimately leading

to the dissemination of same to third party(ies), despite its admission that it neither

had the Plaintiff's consent, nor the legal authority, to do so.

59.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the

Defendant's conduct violated Section 1692c, *et seq*. of the FDCPA and that the

Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

60.    Plaintiff repeats, reiterates and incorporates the allegations contained in

the paragraphs 1-54 above with the same force and effect as if the same were set forth

at length herein.

61.    Defendant's debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not limited to 15

U.S.C. § 1692e.

62.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection

of any debt.

63.    Defendant violated said section by:

a.  Communicating to any person credit information which is known or which should be known to be false, in violation of §1692e (8); and

b.  Making a false and misleading representation in violation of §1692e (10).

64.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT III**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq*.**

65.    Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs 1-54 above with the same force and effect as if the same were set forth at length herein.

66.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

67.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

68.    Defendant violated this section by giving the impression that the debt is unenforceable and unreportable, while in reality, still attempting to collect the debt through the means of negative credit information furnishment (ultimate dissemination), deceptive correspondence and unconscionable financial pressure/intimidation.

69.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

70.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Miriam Fuentes, individually and on behalf of all others similarly situated, demands judgment from the Defendant Jefferson Capital Systems, LLC, as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Justin Zeig, Esq., as Class Counsel;

2.    Awarding the Plaintiff and the Class statutory damages;

3.    Awarding the Plaintiff and the Class actual damages;

4.    Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September, 2022                        Respectfully Submitted,

                                             /s/ *Justin Zeig*
                                             Justin Zeig, Esq.
                                             Florida bar No.: 0012306
                                             justin@zeiglawfirm.com
                                             Zeig Law Firm, LLC
                                             3475 Sheridan St, Ste 310
                                             Hollywood, FL 33021
                                             Telephone: (754) 217-3084
                                             Facsimile: (954) 272-7807